UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 4:21CR00313 MTS |
| | ) |
| | ) |
| ASHLEY KELLEY, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant, ASHLEY KELLEY, represented by defense counsel, Susan McGraugh, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 10 and 11, the United States agrees that it will move for the dismissal of Counts 8 and 9 as to the defendant at the time of sentencing. The government further agrees that no further federal prosecution will be brought in this District relative to the defendant's production and use of counterfeit securities and unauthorized access devices on or about

May 4, 2021, of which the Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

### 3. ELEMENTS:

As to Counts 10 and 11, the defendant admits to knowingly violating Title 18, United States Code, Section 513(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*First*, that the defendant made, uttered, or possessed a counterfeited security;

*Second*, that the security was of an organization which operates in or the activities of which affect interstate commerce; and,

*Third*, that the defendant did so with intent to deceive another person, organization, or government.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about May 4, 2021, local law enforcement officials traveled to a motel located in St.

2

Charles, Missouri in an effort to arrest Defendant pursuant to a local arrest warrant. Upon identifying Defendant's hotel room, the officers conducted a knock and talk with the occupant of the room, co-defendant Bryson Whiteside, and learned that Defendant was in a nearby motel room. Defendant agrees and admits that when she and the officers returned to her motel room to talk about the warrant, the officers observed in plain view scanners, laptop computers, multiple checks, and other items. During a subsequent search of the motel room where they first encountered Defendant, Defendant further agrees and admits that the officers located additional computers, computer peripherals, cellphones, counterfeit and stolen documents, document-making implements, and bank cards.

Amongst the documents seized from both motel rooms, Defendant agrees and admits that there were financial records and other personal identifying information that had been stolen from storage units and other sources by Co-defendant Bryson Whiteside and other individuals. Defendant further agrees and admits that she intended to use the financial records, personal identifying information, and document-making implements to produce and use counterfeit checks and fraudulently obtain access devices. Defendant further admits that she and Co-defendant Bryson Whiteside knowingly made and possessed a counterfeited security of NBKC Bank, a financial institution engaged in and affecting interstate and foreign commerce, to wit, a check drawn on an account of B.W. Repairs, that Co-Defendant Bryson Whiteside made payable to Defendant. The counterfeited check made and possessed by Defendant bore the routing number of NBKC Bank. Defendant made and possessed that counterfeit check with the intent to defraud NB KC Bank. Defendant and Co-defendant Bryson Whiteside further made and possessed an additional counterfeit security, to wit, a fraudulent check made payable to D.R. bearing the routing number of

3

Chime Bancorp, a financial institution engaged in and affecting interstate and foreign commerce, with the intent to deceive Chime Bancorp.

The parties agree that the loss associated with the items seized from the motel is $29,861.67 and that there are at least ten victims associated with the fraudulent items possessed on May 4, 2021. Following her arrest and release from custody on May 4, 2021, as Defendant agrees and admits, on May 6, 2021, she attempted to evade law enforcement officers by driving in such a manner that she crashed the vehicle that she was driving and required medical treatment before being detained.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of uttering counterfeit securities to which the defendant is pleading guilty in Counts 10 and 11 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

## 6. U.S. SENTENCING GUIDELINES 2021 MANUAL:

The defendant understands that Counts 10 and 11 are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that the base offense level is *6* as found in Section 2B1.1(a)(2).

4

(2) **Chapter 2 Specific Offense Characteristics**: The parties submit that the following specific offense characteristics apply: *4 levels* should be added pursuant to Section 2B1.1(b)(1)(H) because the loss resulting from the offense was more than $15,000 but less than $40,000; *2 levels* should be added pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims; and *2 levels* should be added pursuant to Section 2B1.1(b)(11)(A)(i) and (B)(i) because the offense involved the possession and use of device-making equipment and the production of unauthorized and counterfeit access devices.

**b.   Chapter 3 Adjustments:**

(1)   **Other Adjustments:** The parties recommend that *2 levels* should be added pursuant to Section 3C1.2 because the defendant recklessly created a substantial risk of death or serious bodily injury to another in the course of fleeing from a law enforcement officer.

(2)   **Acceptance of Responsibility**: The parties recommend that *3 levels* should be deducted pursuant to Sections 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and manifested a timely notification of intent to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**c.  Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 13.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery, and the guilty plea.

**(2) Sentencing Issues:** In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the

6

plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. As a special condition of supervised release, defendant agrees not to initiate

7

any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

**d.  Mandatory Special Assessment:**   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 for each felony count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   The precise amount of restitution is unknown at the present time.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.   The defendant agrees to provide full restitution to all victims of all charges in the indictment.

8

g. **Forfeiture**: The defendant agrees the stipulated facts above are sufficient to support forfeiture of computer equipment and peripherals pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following items that were seized on May 4, 2021 from hotel rooms occupied or rented by Defendant and Co-defendant Bryson Whiteside: (i) an Acer Chrome Notebook; (ii) an ASUS Laptop; (iii) a HP Laptop Serial Number 5CD042CW1H; (iv) an Apple MacBook Air Serial Number FVFCDE4HMNHP; (v) a Lenovo Laptop Serial Number LR0EWS6S; and (vi) a Sandisk flash drive. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9

**9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.  The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

February 7, 2022
Date

TRACY BERRY
Digitally signed by TRACY BERRY
Date: 2022.02.07 08:47:26 -06'00'

TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

February 7th 2022
Date

ASHLEY KELLEY
Defendant

2/7/22
Date

SUSAN MCGRAUGH
Attorney for Defendant

12